BALL *v.* INDUSTRIAL COMMISSION OF OHIO.

(Decided December 9, 1935.)

*Messrs. Fritsche & Winchester,* for plaintiff in error.

*Mr. Frank W. Calkins,* for defendant in error.

OVERMYER, J.  From the second amended petition filed by Jacob Ball in Common Pleas Court, we learn the following facts: Jacob Ball was a claimant before the Industrial Commission of Ohio because of injuries sustained by him on March 27, 1931, while in the em-

ploy of the Texileather Corporation of Toledo, Ohio, and was allowed compensation for two and six-sevenths weeks at $16.67 per week, also medical expenses. He returned to his employment and worked irregularly until June 27, 1931, when he discontinued his employment because, as he claims, he suffered from his injuries of March 27th to such extent that he was unable to work.

On January 5, 1932, he made application to the commission for modification of award, seeking further compensation. On September 13, 1932, he was notified that his application for modification of award had been heard on September 8, 1932, and was dismissed. On October 3, 1932, Ball filed with the commission an application for rehearing of his claim, and rehearing was had and testimony of witnesses taken, and on July 5, 1934, he was notified that on June 25, 1934, an order had been entered as follows: "That the application for modification of award be dismissed on rehearing." Thereupon Ball prosecuted an appeal to the Common Pleas Court, where the case came on for trial on the second amended petition of claimant, the answer of the commission, and the transcript of the proceedings taken on rehearing before the commission. The second amended petition, after reciting the foregoing and other general facts, contained the following allegation:

"Plaintiff further says that the said defendant erred in its finding against claimant and in the dismissal of his application for modification on rehearing. That the Industrial Commission of Ohio's denial was based upon a finding that it had no jurisdiction of the claim, and therefore no authority to inquire into the extent of disability or the amount of compensation."

If the allegation of the second amended petition above set forth is true, the case is appealable; if not,

the case is not appealable. *State, ex rel. Depalo,* v. *Industrial Commission,* 128 Ohio St., 410, 191 N. E., 691, and cases there cited.

Upon trial counsel for the commission demurred to the evidence, which demurrer was sustained by the court, and the jury was directed to return a verdict for the Industrial Commission, which was done. A motion for new trial was overruled, judgment was entered upon the verdict, and error is prosecuted to this court to reverse that judgment.

The fact that the Industrial Commission had once taken jurisdiction of the claim and made an award is not conclusive on the question of jurisdiction so as to make an order denying further award appealable. This is clearly laid down as the law in the *Depalo case, supra.* As said in the opinion of the Supreme Court:

"The facts of the case are decisive. The issue cannot be determined entirely by the order of the commission."

In the case at bar the order of the commission, as pleaded in the second amended petition, does not state upon what grounds the application for modification of award was dismissed, but states simply "that the application for modification of award be dismissed on rehearing." But the claimant alleges in his second amended petition that the denial was in fact based on jurisdictional grounds. Here then we have an illustration of what caused the Supreme Court to use the language of the opinion in the *Depalo case, supra,* where it is stated at page 419:

"Some of the confusion may be avoided by the exercise of greater care by the commission over its orders and entries. If its findings are drawn in strict accordance with the facts, and in harmony with the expressed purpose of Section 1465-90, the question as to what cases are appealable can be more readily determined."

When the court sustained a demurrer to the evi-

dence, the transcript of the proceedings before the commission was of course excluded from consideration, and since, as the Supreme Court says, the question as to whether or not the denial by the commission of the right of claimant to continue to receive compensation does not of itself involve a jurisdictional fact, and can only be determined from a consideration of the facts, and such facts can only be determined by a consideration of the proceedings before the commission, it follows that the sustaining of the demurrer to the evidence was prejudicially erroneous.

Finding that the second amended petition does state a cause of action, the judgment will be reversed and the cause remanded for new trial.

*Judgment reversed and cause remanded.*

LLOYD and CARPENTER, JJ., concur.